IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv457

| | |
|---|---|
| RICHARD A. RINALDI, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| CCX, INC., ) | |
| Defendant. ) | |

Pending before the Court is the Joint Motion to Stay Discovery and Amend Scheduling Order [# 17] and Plaintiff's Motion to Compel [# 11]. As a threshold matter, the Court **GRANTS** the Joint Motion to Stay Discovery [# 17] *nunc pro tunc*. If the District Court denies Defendant's Motion for Summary Judgment, the parties shall have an additional three months to conduct discovery.

In addition, the Court **DENIES without prejudice** the Motion to Compel [# 11]. Upon a review of the Memorandum in Support of the Motion to Compel, the Court finds that Plaintiff's legal brief is entirely insufficient to allow this Court to even resolve the discovery dispute at issue. The only issue that the Court can garner from the Plaintiff's brief is that Defendants have not provided a privilege log. (Pl.'s Memo. Support Mot. Compel at 4-5.) Defendants, however,

1

subsequently provided the privilege log.

Although Plaintiff wants this Court to enter an order directing Defendant to produce other documents, Plaintiff's brief fails to clearly articulate the nature of the discovery dispute, what documents Plaintiff seeks, and what documents Plaintiff seeks an order compelling. In fact, Plaintiff simply states the Court should order Defendant to comply with Plaintiff's discovery requests. A proper brief in support of a motion to compel the production of documents should, at the very least, state: (1) the discovery request at issue and what it requested; (2) any objection to the requests; (3) explain what documents the party serving the discovery contends that remain in the possession of the opposing party; (4) explain how such documents are relevant; and (5) provide some form of legal argument as to why the opposing side should be required to produce the documents. Finally, any argument must be contained in the brief, not the motion. Plaintiff's brief fails to set forth this information, rending the Court unable to resolve its Motion to Compel. Accordingly, the Court **DENIES** the Motion to Compel **without prejudice** [# 11]. Upon the filing of a proper motion to compel and supporting legal brief that clearly and intelligently sets forth the discovery dispute at issue, the Court will consider whether the entry of an order compelling the production of documents is appropriate in this case.

Signed: July 22, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge